UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN D. HAMLIN,

        Plaintiff,                        Case Number 05-10293
                                                           Honorable David M. Lawson
v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE FINDINGS OF THE COMMISSIONER**

The plaintiff filed the present action on November 15, 2005 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability, disability insurance benefits, and supplemental income benefits under Titles II and XVI of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner, requesting the case be remanded to the Commissioner for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on September 12, 2006 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and has made a *de novo* review of the administrative record in light of the parties' submissions. The plaintiff makes two objections to the magistrate judge's report. First, the plaintiff challenges the conclusion that his impairments do not meet any listing within the Listing of Impairments. The plaintiff argues that his impairments meet listing 1.04, Disorders of the Spine, found at 20 C.F.R. Pt. 404, Subpt. P, App.1, § 1.04. Second, the plaintiff challenges the finding that there are jobs in significant numbers in the national economy that he can perform based on the erroneous determination of his residual functional capacity. The plaintiff asserts that his restriction on repetitive movements and his inability to sleep through the night, requiring him to take naps during the day, preclude him from finding a job.

The plaintiff, who is now fifty years old, applied for a period of disability, disability insurance benefits, and supplemental security income on April 1, 2003 when he was forty-six years old. He has an eleventh grade education and has worked for seventeen years as an electrician. The plaintiff alleges he became disabled on January 25, 2003 as a result of myofascial back pain, osteoarthrosis, and allied disorders.

The plaintiff's applications for disability insurance benefits and supplemental security income were denied, after which he made a timely request for an administrative hearing. On May 11, 2005, he appeared before Administrative Law Judge (ALJ) Barbara J. Welsch for a hearing when he was forty-seven years old. ALJ Welsch filed a decision on July 8, 2005 in which she found the plaintiff was not disabled. The ALJ reached her conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since January 25, 2003 (step one); the

plaintiff suffered from chronic back pain, degenerative disc disease in the lumbosacral spine, and myofascial pain syndrome with an element of depression, impairments that are "severe" within the meaning of the Social Security Act (step two); these impairments do not meet or equal a listing in the regulations (step three); and the plaintiff could not perform his past relevant work as an electrical helper, which was determined to be unskilled and require medium exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a significant range of light and sedentary work that did not include jobs requiring work around unprotected heights, climbing, crouching or crawling, repetitive bending, twisting, or stooping. A vocational expert testified that several jobs fit within these limitations, including assembler, machine operator, machine tender, cashier, or general clerical work, and the ALJ found that those jobs existed in significant numbers in the national economy. Based on that finding and using the Medical Vocational Guidelines (the "Grid Rules") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, section 202.18 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 26, 2005.

The plaintiff's main objection focuses on the ALJ's determination of the plaintiff's residual functional capacity. The magistrate judge limited his evaluation of the evidence to a period between January 24, 2003 and December 31, 2004. He reasoned that the plaintiff had filed a prior claim, which was denied at the administrative hearing level on January 23, 2003, and therefore allegations of disability based on medical evidence before that date were barred by administrative *res judicata*. The Court agrees with the conclusion that the prior ruling foreclosed consideration of disability prior

-3-

to January 23, 2003. The finality in administrative Social Security determinations is a Congressional policy expressed in 42 U.S.C. § 405(h), which states that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." This policy is carried forth by the Commissioner's regulations. *See* 20 C.F.R. §§ 404.921, 404.957(c)(1). It is not absolute, however, and a binding decision may be reopened within twelve months of the initial determination as a matter of right, and within four years upon a showing of good cause. *See* 20 C.F.R. §§ 404.987 - 404.989. However, the plaintiff has not sought to reopen the prior proceedings, and they must be considered final.

The end date discussed by the magistrate judge was derived from the uncontested fact that the plaintiff's insured status ended on December 31, 2004, since after that date the plaintiff did not have twenty quarters of coverage over the prior forty quarters. That determination likewise was appropriate for the plaintiff's disability claim. *See* 42 U.S.C. §§ 416(i), 423(d)(1)(A); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the plaintiff also applied for Supplemental Security Income, and the plaintiff's insured status is irrelevant for that program, provided that plaintiff meets the program's income requirements. Therefore, it is appropriate to consider the medical evidence of the plaintiff's alleged disability through the date of the last administrative hearing.

As noted above, the plaintiff asserts in his objections to the report and recommendation that the medical evidence establishes that his impairments meet Listing 1.04. The magistrate judge did not discuss this issue because it was not presented to him. In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that new issues raised for the first time in objections to reports of magistrate judges are waived. The Court explained:

> Before moving to the merits, we note that Petitioner's argument may be procedurally barred. Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Id.* at 902 n.1. For the same reasons, the Court finds that this issue is waived and need not be addressed further on the merits.

As for the determination of residual functional capacity, the plaintiff does not dispute that the ALJ's findings are supported by Dr. Lumberg's findings at the consultative examination and the state agency examiner. Rather, he insists that the ALJ erroneously disregarded the opinions of treating physicians James D. Decker, M.D. and Marion C. Hautea, M.D. that the plaintiff was disabled; and those opinions, he believes, should have outweighed the opinions of the other physicians.

The Court's task in reviewing a Social Security disability determination is a limited one. The ALJ's findings are conclusive if they are supported by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec. of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The Sixth Circuit has stated that the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Therefore, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

That is not to say that the Court should not step in when the ALJ weighs the evidence in violation of established rules. In this case, however, as the magistrate judge correctly observed, Dr. Hautea's findings and opinions predated the January 23, 2003 denial and were not subject to re-weighing by the ALJ due to the operation of *res judicata*. The plaintiff does not press this point, but he vigorously maintains that Dr. Decker's opinion should be given deference under the "treating physician rule." The Court does not agree.

The Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief

hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)). Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court may likewise reject it if it is not supported by clinical evidence in the record. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993).

In this case, the ALJ gave good reasons for rejecting Dr. Decker's conclusion that the plaintiff "would not even be able to complete sedentary work on a regular full-time basis." Tr. 425. The ALJ found that Dr. Decker never tied this conclusion to objective medical findings, he simply repeated the plaintiff's subjective complaints, Dr. Decker's treatment notes do not support the conclusion, and the plaintiff had not seen Dr. Decker for over a year before the doctor authored his disability letter on April 22, 2005. *See* Tr. 27. The record provides a substantial basis for the ALJ's rejection of the treating physician's opinion.

Finally, the plaintiff contends that the hypothetical question posed to the vocational expert was defective and his answers describing available jobs fail to provide substantial evidence because the question omitted the plaintiff's inability to endure a work day without taking long naps. The ALJ, however, did not find that the plaintiff's testimony of such need was fully credible. The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey*, 987 F.2d at 1235. "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones*, 336 F.3d at 476.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 17] is **ADOPTED IN PART**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 8] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 13] is

**GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  December 7, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2006.

s/Felicia M. Moses
FELICIA M. MOSES

---